# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY BYRON FORD, | CASE NO. 1:10-cv-00696-AWI-GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| STATE OF CALIFORNIA, et al., | (ECF No. 1) |
| Defendants. | |

## I.  Screening Requirement

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

The events at issue in this action occurred at Kern Valley State Prison KVSP) in Delano, where Plaintiff was housed at the time. Plaintiff names as defendants former Governor Schwarzenegger, along with wardens and former wardens at KVSP. Plaintiff also names the State of California and the California Department of Corrections and Rehabilitation (CDCR). Plaintiff's allegations relate to the water quality at KVSP.

Plaintiff alleges that prior to the opening of KVSP in March of 2005, Defendants knew or should have known of the presence of arsenic in the drinking water supply for KVSP. Plaintiff arrived at KVSP on September 15, 2005. On April 8, 2008, Warden Hedgpeth sent a notice to inmates, informing them that the wells supplying the drinking water exceeded U.S. Environmental Protection Agency (EPA) standards for the preceding four quarters. The notice also informed inmates of the prison's plan to install an arsenic treatment system by June of 2009. The complaint, filed on January 4, 2010, alleges that Plaintiff "must continue to drink contaminated water and be poisoned." (Compl. ¶ 18.) Plaintiff alleges that the arsenic treatment system has not been installed, due to budget concerns.

### A. Eighth Amendment Claim

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) cert. denied, 514 U.S. 1065, (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

In order to hold the individual defendants liable, Plaintiff must allege facts indicating that they knew of an objectively serious condition, and acted with "subjective recklessness" to that condition. The crux of Plaintiff's complaint is that arsenic levels in the water at KVSP exceeded EPA standards for at least four quarters in a row, and Defendants have not installed an arsenic treatment system as they promised to. Plaintiff attaches as an exhibit to his complaint a copy of the Director's Level Decision dated November 24, 2008, regarding his grievance.[1] In his grievance, Plaintiff indicated that KVSP was in violation of state regulations by not providing safe drinking water to the inmates. Plaintiff's grievance was denied at the Director's Level, based on the following findings:

> The First Level of Review indicates that the California Poison Control System has stated that arsenic concentrations below 50 ppb in drinking water are not associated with any acute health problems. Currently, KVSP has a 22 ppb concentration of arsenic in the drinking water. KVSP is in the process of modifying the water treatment plan to bring the water system into compliance with the new EPA rules and compliance is expected by the second quarter of 2009. Doctor Geller indicated that the arsenic levels (22 ppb) in the KVSP water system are insignificant and he expected no acute or chronic health problems as a result of the concentration.

Plaintiff's own submission indicates that, although the arsenic levels in the drinking water supply at KVSP may have been out of compliance with regulatory standards, they were not at a level that was associated with any acute health problems. Aside from Plaintiff's exhibits, there are no allegations that KVSP officials were aware of levels of arsenic that would satisfy the Eighth Amendment standard set forth above. Simply put, a violation of a regulatory standard does not presumptively violate the Eighth Amendment. Further, Plaintiff's conclusory allegations that he suffered from arsenic poisoning are unsupported by specific factual allegations that he was seen by medical officials for his conditions and treated for arsenic poisoning. Plaintiff makes no allegation that he presented to medical for treatment, or attempted to seek medical treatment. Plaintiff's Eighth

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3

1  Amendment claim should therefore be dismissed.[2]

### B. Immunity

Plaintiff names as defendants the State of California and the California Department of Corrections and Rehabilitation. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The State of California and the California Department of Corrections and Rehabilitation should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff's sole claim is that arsenic levels violated regulatory standards. Plaintiff's own exhibits indicate that arsenic levels did not rise to the level of endangering his health. The Court finds that this deficiency cannot be cured by further amendment. Plaintiff has alleged, at most, a violation of regulatory standards. Such an allegation fails to rise to

---

[2] Plaintiff also sets forth state law claims on the same allegations. As long Plaintiff sets forth a claim arising under federal law, the district court may adjudicate state law claims that are transactionally related to the federal claim. In federal question cases, a valid federal claim must be pleaded before a federal court can exercise supplemental jurisdiction. Hunter v. United Van Lines, 746 F.2d 635, 649 (9th Cir. 1984). Because Plaintiff has not alleged facts sufficient to state a federal cause of action, the Court declines to exercise supplemental jurisdiction. Should Plaintiff allege facts sufficient to state a cause of action under 42 U.S.C. § 1983, the Court will address Plaintiff's state law claims.

the level of an Eighth Amendment violation.  This action should therefore be dismissed.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff's failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 4, 2012**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE