1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RAY BYRON FORD,                          CASE NO. 1:10-cv-00696-AWI-GSA PC

10                  Plaintiff,               FINDINGS AND RECOMMENDATION THAT
                                             THIS ACTION BE DISMISSED  FOR
11        v.                                 FAILURE TO STATE A CLAIM UPON
                                             WHICH RELIEF COULD BE GRANTED
12   STATE OF CALIFORNIA, et al.,
                                             RESPONSE DUE IN THIRTY DAYS
13                  Defendants.
     _____/
14
15

16   **I.    Screening Requirement**

17        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Defendants violated the Safe Drinking

19   Water Act, 42 U.S.C. § 300f *et. seq.* (SWDA). The matter was referred to a United States Magistrate

20   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1

2    **II.    Plaintiff's Claims**

3         The events at issue in this action occurred at Kern Valley State Prison KVSP) in Delano,

4    where Plaintiff was housed at the time.   Plaintiff names as defendants former Governor

5    Schwarzenegger, along with wardens and former wardens at KVSP.   Plaintiff also names the State

6    of California and the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff's

7    allegations relate to the water quality at KVSP.

8         Plaintiff alleges that prior to the opening of KVSP in March of 2005, Defendants knew or

9    should have known of the presence of arsenic in the drinking water supply for KVSP.   Plaintiff

10   arrived at KVSP on September 15, 2005.  On April 8, 2008, Warden Hedgpeth sent a notice to

11   inmates, informing them that the wells supplying the drinking water exceeded U.S. Environmental

12   Protection Agency (EPA) standards for the preceding four quarters.   The notice also informed

13   inmates of the prison's plan to install an arsenic treatment system by June of 2009.  The complaint,

14   filed on January 4, 2010, alleges that Plaintiff "must continue to drink contaminated water and be

15   poisoned." (Compl. ¶ 18.)  Plaintiff alleges that the arsenic treatment system has not been installed,

16   due to budget concerns.

17        **A.    Eighth Amendment Claim**

18        The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

19   inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane

20   conditions of confinement must meet two requirements, one objective and the other subjective."

21   Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) cert. denied, 514 U.S. 1065, (1995).   The

22   objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

23   minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834

24   (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or

25   negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer,

26   511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded

27   that "subjective recklessness as used in the criminal law is a familiar and workable standard that is

28   consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for

1  deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

2  In order to hold the individual defendants liable, Plaintiff must allege facts indicating that

3  they knew of an objectively serious condition, and acted with "subjective recklessness" to that

4  condition.  The crux of Plaintiff's complaint is that arsenic levels in the water at KVSP exceeded

5  EPA standards for at least four quarters in a row, and Defendants have not installed an arsenic

6  treatment system as they promised to.  Plaintiff attaches as an exhibit to his complaint a copy of the

7  Director's Level Decision dated November 24, 2008, regarding his grievance.[1]  In his grievance,

8  Plaintiff indicated that KVSP was in violation of state regulations by not providing safe drinking

9  water to the inmates.  Plaintiff's grievance was denied at the Director's Level, based on the following

10  findings:

11  The First Level of Review indicates that the California Poison
    Control System has stated that arsenic concentrations below 50 ppb
12  in drinking water are not associated with any acute health problems.
    Currently, KVSP has a 22 ppb concentration of arsenic in the
13  drinking water.  KVSP is in the process of modifying the water
    treatment plan to bring the water system into compliance with the
14  new EPA rules and compliance is expected by the second quarter of
    2009.  Doctor Geller indicated that the arsenic levels (22 ppb) in the
15  KVSP water system are insignificant and he expected no acute or
    chronic health problems as a result of the concentration.

16

17  Plaintiff's own submission indicates that, although the arsenic levels in the drinking water

18  supply at KVSP may have been out of compliance with regulatory standards, they were not at a level

19  that was associated with any acute health problems.   Aside from Plaintiff's exhibits, there are no

20  allegations that KVSP officials were aware of levels of arsenic that would satisfy the Eighth

21  Amendment standard set forth above.  Simply put, a violation of a regulatory standard does not

22  presumptively violate the Eighth Amendment.   Further, Plaintiff's conclusory allegations that he

23  suffered from arsenic poisoning are unsupported by specific factual allegations that he was seen by

24  medical officials for his conditions and treated for arsenic poisoning.  Plaintiff makes no allegation

25  that he presented to medical for treatment, or attempted to seek medical treatment. Plaintiff's Eighth

26

27  [1]The court is not required to accept as true conclusory allegations which are contradicted by documents
    referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart
28  Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

1  Amendment claim should therefore be dismissed.[2]

2      **B.**    **Immunity**

3         Plaintiff names as defendants the State of California and the California Department of

4  Corrections and Rehabilitation.  "The Eleventh Amendment prohibits federal courts from hearing

5  suits brought against an unconsenting state.  Though its language might suggest otherwise, the

6  Eleventh Amendment has long been construed to extend  to suits brought against a state both by its

7  own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop.,

8  951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44

9  (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993);

10  Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

11         The Eleventh Amendment bars suits against state agencies as well as those where the state

12  itself is named as a defendant.  See Natural Resources Defense Council v. California Department of

13  Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d

14  1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency

15  entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District,

16  861 F.2d 198, 201 (9th Cir. 1989).   The State of California and the California Department of

17  Corrections and Rehabilitation should therefore be dismissed.

18      **C.**    **Safe Drinking Water Act**

19         The SDWA preempts all other forms of federal relief for a violation of the SDWA, including

20  federal common law nuisance claims and Section 1983 Constitutional right claims.  Mattoon v.

21  Pittsfield, 980 F.2d 1 (1st Cir. 1992).  Although the statute provides that the Administrator of the U.S.

22  Environmental Protection Agency may bring a civil action to compel SDWA compliance, 42 U.S.C.

23  § 300g - 3(g)(1), any person can file a civil action upon 60 days prior notice to EPA, the public water

24

25       [2] Plaintiff also sets forth state law claims on the same allegations.  As long Plaintiff sets forth a claim arising

26  under federal law, the district court may adjudicate state law claims that are transactionally related to the federal
claim.  In federal question cases, a valid federal claim must be pleaded before a federal court can exercise

27  supplemental jurisdiction.  Hunter v. United Van Lines, 746 F.2d 635, 649 (9th Cir. 1984).  Because Plaintiff has not
alleged facts sufficient to state a federal cause of action, the Court declines to exercise supplemental jurisdiction.

28  Should Plaintiff allege facts sufficient to state a cause of action under 42 U.S.C. § 1983, the Court will address
Plaintiff's state law claims.

1   system, and the state for any violation of the SDWA or to force EPA to perform a required act.

2   SDWA § 1449(b)(1)(A); 42 U.S.C. §300j-8(b)(1)(B).  If the EPA, the Attorney General, or the state

3   has commenced and is diligently prosecuting a civil act for compliance, no citizen's suit can be filed.

4   SDWA § 1449(b)(1)(B); 42 U.S.C. §300j-8(b)(1)(B) .  A court may award litigation costs, including

5   attorneys' fees, but cannot impose civil penalties under the SDWA in citizens' suits.  SDWA §

6   1449(b)(1)(d); 42 U.S.C. §300j-8(b)(1)(B).

7           The Supreme Court has construed the identical language in the FWPCA, see 33 U.S.C. §

8   1365(a), as not authorizing citizens' suits absent a "continuous or intermittent violation." Gwaltney

9   of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 64,  (1987). "[T]he harm

10  sought to be addressed by the citizen suit lies in the present or the future, not in the past." Id. at 59.

11          Simply put, the statutory scheme of the SDWA provides a mechanism by which the EPA can

12  enforce clean drinking water standards, and individuals can sue to force EPA to act.  The statute is

13  clear, however, that the individual must provide notice to the EPA and the state.  Further, there are

14  no provisions for money damages for individual citizens, only civil penalties payable to the United

15  States.  There are no allegations that Plaintiff provided the statutorily required notice to the EPA, the

16  public water system, or the state, as required by statute.

17          Accordingly, Plaintiff was directed to show cause why this action should not be dismissed

18  for failure to state a claim upon which relief could be granted.  In his response, Plaintiff restates

19  generally the allegations of the complaint.  Plaintiff does direct the Court to paragraph 25 of his

20  complaint.  Plaintiff argues that paragraph 25 "contradicts the Magistrate's statement that plaintiff

21  did not provide the statutory notice."  Paragraph 25 alleges that Plaintiff filed a claim with the

22  Victims Compensation and Government Claims Board of the State of California.  Plaintiff does

23  attach as an Exhibit to his complaint a copy of a letter he received from the U.S. Environmental

24  Protection Agency, advising Plaintiff of the requirements for providing prior notice of citizen suits

25  under the Safe Drinking Water Act.  Plaintiff has failed to allege specific facts indicating that he has

26  complied with the notice requirements set forth in 40 CFR § 135.11(a)(2).

27          Plaintiff also directs the Court to paragraphs 19 -20 of his complaint, indicating that he has

28  "sustained physical and emotional injuries due to the continual and ongoing ingestion of high levels

1  of arsenic in the drinking water." Paragraphs 19 and 20 indicate generally that Plaintiff has sustained

2  physical and emotional injuries as a result of arsenic poisoning and that he has submitted a Health

3  Care Services Request Form (CDC Form 7362) seeking testing and treatment relative to arsenic

4  poisoning.  Plaintiff has not, however, allege any facts suggesting that he has been diagnosed with

5  any illness caused by arsenic poisoning.  That Plaintiff may believe he has been poisoned does not

6  subject Defendants to liability.   A complaint is required to contain"a short and plain statement of

7  the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does

8  not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action,

9  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678

10  (2009).  While factual allegations must be accepted as true, legal conclusions are not entitled to an

11  assumption of truth.  Id. at 69.  Here, Plaintiff alleges that he requested health care and that he

12  believes he is ill due to arsenic poisoning.  Plaintiff fails to allege any facts indicating that he has

13  been diagnosed as being ill due to ingesting contaminated water.

**III.    Conclusion and Recommendation**

15        The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

16  which relief may be granted under section 1983 or the Safe Drinking Water Act.   Plaintiff's sole

17  claim is that arsenic levels violated regulatory standards.  Plaintiff's own exhibits indicate that

18  arsenic levels did not rise to the level of endangering his health.  The Court finds that this deficiency

19  cannot be cured by further amendment.  Plaintiff has alleged, at most, a violation of regulatory

20  standards.  Such an allegation fails to rise to the level of an Eighth Amendment violation.  This

21  action should therefore be dismissed.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se

22  litigant must be given leave to amend his or her complaint unless it is absolutely clear that the

23  deficiencies of the complaint could not be cured by amendment).

24        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to

25  state a claim upon which relief may be granted.

26        These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty

28  days after being served with these findings and recommendations, Plaintiff may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 2, 2013**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE